**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| TREMAR HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER WILLIAM RENTZ,<br>individually, OFFICER JOHN DOE 1-3,<br>individually,<br><br>    Defendants. | Civil Action No.<br>2:24-CV-9 |

## ANSWER OF DEFENDANT WILLIAM RENTZ

Defendant William Rentz files his answer to Plaintiff's Complaint. Dkt. 1.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff has not been subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or the laws of the United States. Plaintiff was, at all times, afforded all constitutional rights and protections to which he was entitled under state and federal law.

### THIRD DEFENSE

At all times pertinent to this suit, Defendant Rentz acted in the good faith execution of his duties and upon the reasonable belief that his actions were appropriate

and necessary. Defendant Rentz, therefore, is immune from some or all of Plaintiff's claims.

## FOURTH DEFENSE

Plaintiff's federal claims against Defendant Rentz are barred because he failed to exhaust his available administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.*

## FIFTH DEFENSE

Plaintiff's claims brought under federal law against Defendant Rentz are barred by qualified immunity.

## SIXTH DEFENSE

Plaintiff's state law claims against Defendant Rentz are barred by official immunity.

## SEVENTH DEFENSE

No action or inaction on the part of Defendant Rentz was the proximate cause of any alleged injuries or damage suffered by Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred by his own conduct, or the conduct of others, which was the cause in fact or proximate cause of his alleged injuries or damages.

## NINTH DEFENSE

There is no basis for any award of attorney's fees or punitive damages against Defendant Rentz in this action.

**TENTH DEFENSE**

Defendant Rentz responds to the specific allegations in Plaintiff's Complaint as follows:

**Jurisdiction and Venue**

1.     Defendant Rentz is without sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint; thus, they are denied.

2.     Defendant Rentz admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     Defendant Rentz admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     Defendant Rentz is without sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint; thus, they are denied.

5.     Defendant Rentz is without sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint; thus, they are denied.

6.     Defendant Rentz admits only that the events underlying Plaintiff's claims occurred in Appling County, Georgia. Defendant Rentz denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     Defendant Rentz admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      In response to Paragraph 8 of Plaintiff's Complaint, Defendant Rentz admits only that venue and jurisdiction are proper in the United States District Court for the Southern District of Georgia, Brunswick Division. Defendant Rentz denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

### Facts

9.      In response to Paragraph 9 of Plaintiff's Complaint, Defendant Rentz admits that Tremar Harris was a pre-trial detainee in the Appling County Jail on January 29, 2022. Defendant Rentz admits that Plaintiff was being held in the segregation wing of the Appling County Jail—characterized as "solitary confinement"—because of the erratic behavior that Plaintiff exhibited during his incarceration. Defendant Rentz denies any remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant Rentz denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant Rentz denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant Rentz denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant Rentz denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant Rentz admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant Rentz is without sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint; thus, they are denied.

16.     Defendant Rentz denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant Rentz denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant Rentz denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant Rentz is without sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint; thus, they are denied.

20.     Defendant Rentz is without sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint; thus, they are denied.

21.     Defendant Rentz denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant Rentz denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant Rentz admits the allegations contained in Paragraph 23 of Plaintiff's Complaint.

**Count One**
**Cruel and Unusual Punishment in Violation of the Fourteenth Amendment**

24.     Defendant Rentz incorporates by reference his responses to Paragraphs 1 through 23 of Plaintiff's Complaint as if set forth herein.

25.     Defendant Rentz admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant Rentz admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant Rentz admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant Rentz admits the allegations contained in Paragraph 28 of Plaintiff's Complaint, but denies any such conduct on his part.

29.     Defendant Rentz admits the allegations contained in Paragraph 29 of Plaintiff's Complaint, but denies any such conduct on his part.

30.     Defendant Rentz denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant Rentz denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant Rentz denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Defendant Rentz denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant Rentz denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant Rentz denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant Rentz denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant Rentz denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant Rentz denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

**Count Two**
**Failure to Intervene in Violation of the Fourteenth Amendment**

39.     Defendant Rentz incorporates by reference his responses to Paragraphs 1 through 23 of Plaintiff's Complaint as if set forth herein.

40.     Defendant Rentz is without sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint; thus, they are denied.

41.     Defendant Rentz is without sufficient information or knowledge upon which to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint; thus, they are denied.

42.     Defendant Rentz denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant Rentz denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant Rentz denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant Rentz denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Defendant Rentz denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant Rentz denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Defendant Rentz denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant Rentz denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant Rentz denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant Rentz denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

**Count Three**
**Assault and Battery (O.C.G.A. § 51-1-13/14)**

52.     Defendant Rentz incorporates by reference his responses to Paragraphs 1 through 23 of Plaintiff's Complaint as if set forth herein.

8

53.     Defendant Rentz denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     Defendant Rentz denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Defendant Rentz denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     Defendant Rentz denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Defendant Rentz denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Defendant Rentz denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Defendant Rentz denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

**Count Four**
**Intentional Infliction of Emotional Distress**

60.     Defendant Rentz incorporates by reference his responses to Paragraphs 1 through 23 of Plaintiff's Complaint as if set forth herein.

61.     Defendant Rentz denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Defendant Rentz denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.     Defendant Rentz denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.     Defendant Rentz denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

## ELEVENTH DEFENSE

Defendant Rentz denies that Plaintiff is entitled to the relief requested in the "Wherefore" section of his Complaint.

## TWELFTH DEFENSE

Defendant Rentz denies any and all allegations contained in Plaintiff's Complaint not specifically admitted herein.

## JURY DEMAND

Defendant Rentz demands a trial by jury.

Wherefore, Defendant Rentz prays that Plaintiff's Complaint be dismissed with prejudice, that the prayers for relief in his Complaint be denied, and that all costs of this action be cast against Plaintiff.

Submitted this 23rd day of February, 2024.

OLIVER MANER LLP

Post Office Box 10186
Savannah, GA 31412
(T) 912 236-3311
(F) 912 236-8725
pto@olivermaner.com
btuten@olivermaner.com

*/s/ Patrick T. O'Connor*
PATRICK T. O'CONNOR
Georgia Bar No. 548425

*/s/ Ben T. Tuten*
BEN T. TUTEN
Georgia Bar No. 299110

*Attorneys for Defendant Rentz*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing, by e-notification and e-service to the following:

M. Waite Thomas, Esq.
TAYLOR ODACHOWSKI SCHMIDT & CROSSLAND, LLC
300 Oak Street, Suite 200
St. Simons Island, GA 31522
wthomas@tosclaw.com

Harry M. Daniels, Esq.
LAW OFFICES OF HARRY M. DANIELS, LLC
4751 Best Road, Suite 490
Atlanta, GA 30337
daniels@harrymdaniels.com

Submitted this 23rd day of February, 2024.

OLIVER MANER LLP

Post Office Box 10186                         */s/ Ben T. Tuten*
Savannah, GA 31412                            PATRICK T. O'CONNOR
(T) 912 236-3311                              Georgia Bar No. 548425
(F) 912 236-8725                              BEN T. TUTEN
pto@olivermaner.com                           Georgia Bar No. 299110
btuten@olivermaner.com

                                              ***Attorneys for Defendant Rentz***