IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TREMAR HARRIS,<br><br>   Plaintiff,<br><br>v.<br><br>OFFICER WILLIAM RENTZ, individually,<br>OFFICER JOHN DOE 1-3, individually,<br><br>   Defendants. | Civil Action No.<br>2:24-CV-9 |

**DEFENDANT WILLIAM RENTZ'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES**

Officer William Rentz responds to Plaintiff's First Interrogatories as follows:

1. Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements. This includes the names of any third parties who were interviewed and/or contacted on the night of this incident either prior to the incident and related to the arrest preceding this incident, or following this incident, and in connection to any investigation of this incident.

**RESPONSE**:

**1. Tremar Harris. Mr. Harris may be contacted through counsel. Upon information and belief, Mr. Harris wrote a grievance while detained at the Appling County Jail which has previously been produced to Plaintiff. Officer Rentz is not aware of any further statements taken from Mr. Harris.**

1

2.      **William Rentz.** Officer Rentz may be contacted through counsel. Officer Rentz is not, at this time, aware of any written or recorded statements that he has provided.

3.      **Cannon McLeod.** Mr. McLeod may be contacted through his counsel, Richard K. Strickland. Mr. McLeod was interviewed by Investigator Evans of the Appling County Sheriff. A recording of that interview was previously produced to Plaintiff in discovery. Officer Rentz is not aware of any further statements taken from Mr. McLeod.

4.      **Daydan Brannon.** Mr. Brannon may be contacted through his counsel, Richard K. Strickland. Mr. Brannon was interviewed by Investigator Evans of the Appling County Sheriff. A recording of that interview was previously produced to Plaintiff in discovery. Officer Rentz is not aware of any further statements taken from Mr. Brannon.

5.      **Ansley Fennell.** Ms. Fennell may be contacted through her counsel, Richard K. Strickland. Ms. Fennell was interviewed by Investigator Evans of the Appling County Sheriff. A recording of that interview was previously produced to Plaintiff in discovery. Officer Rentz is not aware of any further statements taken from Ms. Fennell.

6.      **Amber Brown.** Ms. Brown may be contacted through her counsel, Richard K. Strickland. Ms. Brown was interviewed by Investigator Evans of the Appling County Sheriff. A recording of that interview was previously produced to Plaintiff in discovery. Ms. Brown also authored an incident report about the events that gave rise to this lawsuit that has been previously produced to Plaintiff in discovery. Officer Rentz is not aware of any further statements taken from Ms. Brown.

7.      **John McCullough.** Mr. McCullough may be contacted through his counsel, Richard K. Strickland. Mr. McCullough was interviewed by Investigator Evans of the Appling County Sheriff on two separate occasions. Recordings of those interviews were

previously produced to Plaintiff in discovery. Officer Rentz is not aware of any further statements taken from Mr. McCullough.

8. **Jurran Gonzalez.** Mr. Gonzalez may be contacted through his counsel, Richard K. Strickland. Mr. Gonzalez was interviewed by Investigator Evans of the Appling County Sheriff's Office. A recording of that interview was previously produced to Plaintiff in discovery. Officer Rentz is not aware of any further statements taken from Mr. Gonzalez.

2. With regard to the Defendant's Answer to the Complaint, give the name(s) and address(es) of the person(s) known to the parties or counsel who can substantiate and/or support each and every defense.

**RESPONSE:** Officer Rentz refers Plaintiff to the individuals identified in response to Interrogatory No. 1 and Officer Rentz's Initial Disclosures. In addition, Officer Rentz identifies the following individuals:

1. **Sandy Everly.** Ms. Everly may be contacted through her counsel, Richard K. Strickland.

3. Set forth a list of photographs, plats, sketches, or other prepared documents in possession of Defendant that relate to the claim[s] or defense[s] in the case.

**RESPONSE:** Officer Rentz objects to Interrogatory No. 3 to the extent that it seeks information protected by the work product doctrine. Subject to and without waiving that objection, Officer Rentz responds as follows:

1. The documents previously produced at RENTZ 1–56, as described in Officer Rentz's Initial Disclosures.

2. **Additional surveillance footage produced with these responses at RENTZ 204–242, taken during Plaintiff's detainment at the Appling County Jail between January 27, 2022, and February 8, 2022.**

4. Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to the claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy, including any and all excess and/or umbrella coverage.

**RESPONSE: Appling County is a member of ACCG – IRMA and receives coverage through that statutory risk management pool. A copy of Appling County's ACCG – IRMA member coverage agreement has been previously produced at RENTZ 57–203 which contains the information sought by Interrogatory No. 4.**

5. In the past five years, please identify any action alleging unlawful and/or excessive force which occurred in the Appling County Jail, and involving any officer named and/or identified as a witness by any party to the incident that is the subject of this case.

**RESPONSE: Officer Rentz is not personally aware of any such action.**

6. In the past five years, identify whether any officers, employees, and/or personnel listed as witnesses by any party and/or co-Defendants in this lawsuit have ever been investigated, whether internally or by a third party, for an excessive and/or unlawful use of force, improper strip search, and/or denial of medical care, and, if so, the nature of the conduct which gave rise to the investigation, the dates of any investigation(s), and the outcome of the investigation(s).

**RESPONSE: Beyond the investigation(s) relating to the events that gave rise to this lawsuit, Officer Rentz is not personally aware of any investigations.**

7. For the previous five (5) years, please identify any investigation conducted by or of Defendant related to use(s) of force and/or failure to intervene against inmates of the Appling County Jail, involving any and all officers employed by Defendant, representatives, and/or personnel, by an outside agency, including but not limited to the Georgia Bureau of Investigation. For each investigation identified, please state the parties involved in the investigation, and a brief description of the underlying facts.

**RESPONSE: Beyond the investigation(s) relating to the events that gave rise to this lawsuit, Officer Rentz is not personally aware of any investigations.**

8. For the past five years, identify whether any officer, named either as a co-defendant in this case, or listed as a witness by any party, has ever been the subject of any complaint, grievance, and/or disciplinary action. If so, please describe the complaint, grievance, and/or disciplinary action, the date(s), any other parties involved, and the ultimate resolution and/or disposition.

**RESPONSE: Officer Rentz was the subject of a grievance filed by Plaintiff as a result of the alleged events that gave rise to this lawsuit. On information and belief, Plaintiff did not complete the grievance process. Officer Rentz is not personally aware of any other such complaint, grievance, and/or disciplinary action brought against him or any other officer or employee of the Appling County Sheriff.**

9. State whether or not you have any information, either oral or written, which you intend to use to impeach the Plaintiff, or any of the Plaintiff's witnesses, including expert witnesses. If so, please specify and, with detail, describe the information and the source of said information.

**RESPONSE:** Officer Rentz objects to Interrogatory No. 9 to the extent that it calls for the impressions of counsel and protected work product. Subject to and without waiving those objections, Officer Rentz may rely on the surveillance footage of the events giving rise to this lawsuit, produced at RENTZ 49, 204–242, as well as the recorded interviews of John McCullough, Ansley Fennell, Amber Brown, Jurran Gonzalez, Cannon McLeod, and Daydan Brannon, produced at RENTZ 50–56, to impeach Plaintiff or his witnesses.

10. Did the Defendant or any employees/agents of the Defendant make any admission or statement against the interests of the Defendant or anyone else in connection with the matters alleged in the Complaint? For each such statement, provide the following information:

a. The substance of each admission or statement;

b. The person(s) who made such admission or statement;

c. The persons present when the admission or statement was made;

d. The time, date, and place each admission or statement was made; and

e. If you contend the admission or statement was made in writing, identify specifically each document you contend contains each such admission or statement.

**RESPONSE:** The only statements of any kind of which Officer Rentz is aware of are those made by John McCullough, Ansley Fennell, Amber Brown, Jurran Gonzalez, Cannon McLeod, and Daydan Brannon in their interviews with Investigator Evans, who, on knowledge and belief, investigated the events giving rise to this lawsuit on behalf of the Appling County Sheriff. Recordings of those interviews have been previously produced in this case at RENTZ 50–56, and the statements made therein speak for themselves. On current knowledge, these interviews were conducted at the Appling County Jail between February 7, 2022, and February 18, 2022.

11. Please state in comprehensive detail, Defendant's version of exactly what happened during the incident that is the subject matter of this case. Do not simply refer to the allegations contained within the pleadings filed or the medical and/or incident records.

**RESPONSE: Defendant Rentz objects to Interrogatory No. 11 to the extent that it calls for the impressions of counsel and protected work product. Subject to and without waiving those objections, Officer Rentz summarizes the relevant events as follows:**

**Plaintiff was booked into the Appling County Jail on January 27, 2022. From the beginning of his detainment, Plaintiff had multiple violent outbursts and exhibited erratic behavior. Among other things, Plaintiff frequently screamed at correctional officers. He threw the mattress off his bed shortly after being placed in the booking cell. The following day, he ripped a separate mattress apart and pulled all of the stuffing out of it. Plaintiff tore apart the clothes that he was issued by the Appling County Jail. On information and belief, Plaintiff threw a bleach mixture in a correctional officer's eyes. And, on at least two separate occasions, Plaintiff smeared feces on the walls and the surveillance camera of the segregation cell where he was being held. These behaviors resulted in Plaintiff being placed in the Appling County Jail's safety restraint chair on multiple occasions throughout his detainment.**

**On January 29, 2022, Plaintiff was placed in the safety restraint chair around 3:00 p.m. after he was observed to be tearing up jail property. Officer Rentz was not yet on shift and was not present at the jail. Plaintiff was released from the safety restraint chair at 3:14 p.m. At 4:23 p.m., Plaintiff again smeared his feces on the surveillance camera of the segregation cell where he was being held. As a result, Plaintiff was placed back in the safety restraint chair at 4:46 p.m.**

Shortly after Plaintiff was placed back in the safety restraint chair for the second time, Officer Rentz arrived at the facility. Officer Rentz was made aware of Plaintiff's erratic behavior. At 4:59 p.m., Plaintiff was captured on a surveillance camera freeing himself from the safety restraint chair arm straps. Officer Amber Brown asked Officer Rentz to go to Plaintiff's segregation cell and assist Officers McLeod, Fennell, and Brannon in securing Plaintiff back into the safety restraint chair.

Officer Rentz did just that. He walked to Plaintiff's cell and secured him back into the safety restraint chair by tightening the arm straps. Officer Rentz and Officers McLeod, Fennell, and Brannon then departed Plaintiff's cell at 5:02 p.m. Almost immediately after, Plaintiff again freed his arms from the safety restraint chair. At 5:04 p.m., Officer Rentz returned to Plaintiff's cell with Officers McLeod, Fennell, and Brannon, this time with handcuffs and leg restraints to secure Plaintiff.

Officer Rentz handcuffed Plaintiff's right and left arms to the safety restraint chair. Officer Rentz then walked behind Plaintiff, who was slouched over, and used the leg restraints to pull Plaintiff into an upright position. Officer Rentz did not pull the leg restraints tight so as to choke or strangle Plaintiff and he did not intend to hurt Plaintiff. This took three seconds or less. Officer Rentz asked Plaintiff, "why are you acting the way that you are?" Plaintiff responded by saying that he "wanted to go home." Officer Rentz then exited the cell with the other jailers.

Officer Rentz did not speak with Plaintiff before he arrived at the Appling County Jail for his shift on January 29, 2022. Officer Rentz believes that he saw Plaintiff again later on the night of January 29, 2022, to release Plaintiff from the safety restraint chair, but did

8

**not have any meaningful interaction with him. Officer Rentz completed his shift without further incident and left the jail.**

12. If you contend that the Plaintiff contributed in any manner to this incident, provide a detailed description and narrative, including all facts on which you base your contention. Also, provide the names of all witnesses who can substantiate the allegation.

**RESPONSE: Officer Rentz objects to Interrogatory No. 12 to the extent that it calls for the impressions of counsel and protected work product. Subject to and without waiving those objections, Officer Rentz contends that Plaintiff's behavior throughout his detainment at the Appling County Jail—including multiple violent outbursts, the destruction of property, repeatedly smearing feces on the surfaces of his cell, and at least twice attempting to escape from the restraint chair directly contributed to the events that gave rise to this lawsuit. These behaviors are depicted in the surveillance footage produced at RENTZ 49, 204–242 and may be testified to by the individuals described in response to Interrogatory No. 1 and in Officer Rentz's Initial Disclosures.**

13. Give the title, author, date, volume, and page, where appropriate, of any periodical, journal, text, rule, regulation, policy or procedure, paper or other publication of any kind, on which the Defendant or its attorneys or experts intent (*sic*) to refer/rely, or about which the Defendant or its attorneys or experts intends to ask any questions, during the examination or cross-examination of any witness at trial or during any deposition.

**RESPONSE: Officer Rentz objects to Interrogatory No. 13 on the grounds that it calls for the impressions of counsel and protected work product. Subject to and without waiving that objection, Officer Rentz has not, at this time, identified any such publication.**

14. Identify the titles, policies, and/or procedures of every training required of Defendant's officers related to use of force against inmates and the circumstances under which officers are required to intervene where a fellow officer commits unconstitutional conduct against inmates as of the date of this incident and indicate whether the individual officer involved in this incident was current on these trainings, and, if so, what date the officer received the most recent version of the training.

**RESPONSE: Officer Rentz completed both use of force training and intervention training while in the employ of the Appling County Sheriff. However, Officer Rentz cannot speak to the overall scheme or regime of training mandated by the Sheriff. A copy of Officer Rentz's training history has been produced at RENTZ 47–48, and that document speaks for itself. Specifically, Officer Rentz completed use of force training in April 2005, peace officer liability training in September 2009, and ethics and professionalism training in January 2022.**

15. Within the last five (5) years, if any of the Defendants have ever been involved in any other legal action regarding the treatment of individuals in the control and custody of the Appling County Jail, please provide the place each action was filed, giving the name of the court, the name of the other party or parties involved, the number of the actions, and the names of the attorneys representing each party.

**RESPONSE: Officer Rentz objects to Interrogatory No. 15 because the information sought is a matter of public record that is equally available to both Plaintiff and Defendant. Subject to and without waiving that objection, Officer Rentz is not personally aware of any such action.**

16. Please identify all locations where documentation concerning use-of-force incidents/investigations are housed or saved, whether physical or electronic, specifically including documentation of Plaintiff's incident. Please also indicate whether duplicates are made generally for use-of-force incidents, and whether they were made for Plaintiff's incident.

**RESPONSE: To the best of Officer Rentz's personal knowledge, the Appling County Jail has a specific form that is filled out for use of force incidents, which is typically completed by the officer that used the force. Once the form is complete, one copy is placed into the inmate's jail file and another copy is given to Captain Adam Bell. Officer Rentz does not recall filling out a use of force form as a result of his encounter with Plaintiff.**

17. Please identify/describe any policy or procedure (whether formal or informal) regarding the investigation of use-of-force incidents and failure to intervene incidents of the Appling County Jail. Please reference any paperwork associated with this investigative process.

**RESPONSE: To the best of Officer Rentz's personal knowledge, once a use of force form is passed along to Captain Adam Bell, it is within his discretion if such incidents are to be investigated further. Officer Rentz has not participated in such an investigation and is not privy to the procedures of such investigations.**

18. Please describe the exact chronology of events relating to the investigation of Plaintiff's use-of-force incident, including all persons involved.

**RESPONSE: Officer Rentz cannot recall the particular chronology of the investigation into the events giving rise to this lawsuit. Officer Rentz recalls that shortly after January 29, 2022, he was called to the Appling County Jail where he spoke with a GBI agent and was placed on administrative leave. Officer Rentz had no further conversations about this matter until he was informed that he would be terminated on February 4, 2022. The**

**content and chronology of the Sheriff's investigation is evidenced by the documents previously produced in discovery.**

19. Please detail the reason for, date, and author of any and all documents created in the investigation of Plaintiff's use-of-force incident, as well as any and all edits made to those documents and the destruction or deletion of any document.

**RESPONSE: The only such document of which Officer Rentz is aware is a report authored by Investigator Evans of the Appling County Sheriff. Officer Rentz has no knowledge about any edits made to that document, or the current status of that document—or any other document—relating to Plaintiff's use-of-force incident.**

20. Please describe the process of internal employee discipline within the Appling County Jail. Specifically, please describe how improper employee conduct is reported and investigated, how decisions are reached regarding investigative findings, the documentation created surrounding investigations, and how employee discipline is administered.

**RESPONSE: Officer Rentz has no personal knowledge regarding the process of internal employee discipline within the Appling County Jail.**

Submitted this 17th day of May, 2024.

OLIVER MANER LLP

Post Office Box 10186
Savannah, GA 31412
(T) 912 236-3311
(F) 912 236-8725
pto@olivermaner.com
btuten@olivermaner.com

*/s/ Ben T. Tuten*
PATRICK T. O'CONNOR
Georgia Bar No. 548425
BEN T. TUTEN
Georgia Bar No. 299110

*Attorneys for Defendant Rentz*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served all parties with a true and accurate copy of the foregoing document by e-mail, addressed as follows:

M. Waite Thomas, Esq.
TAYLOR ODACHOWSKI SCHMIDT & CROSSLAND, LLC
300 Oak Street, Suite 200
St. Simons Island, GA 31522
wthomas@tosclaw.com

Harry M. Daniels, Esq.
LAW OFFICES OF HARRY M. DANIELS, LLC
4751 Best Road, Suite 490
Atlanta, GA 30337
daniels@harrymdaniels.com

Submitted this 17th day of May, 2024.

OLIVER MANER LLP

Post Office Box 10186
Savannah, GA 31412
(T) 912 236-3311
(F) 912 236-8725
pto@olivermaner.com
btuten@olivermaner.com

*/s/ Ben T. Tuten*
PATRICK T. O'CONNOR
Georgia Bar No. 548425
BEN T. TUTEN
Georgia Bar No. 299110

*Attorneys for Defendant Rentz*