IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TREMAR HARRIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OFFICER WILLIAM RENTZ, et al.,<br><br>　　　　Defendants. | Civil Action No.<br>2:24-CV-9 |

**DEFENDANT WILLIAM RENTZ'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant William Rentz files this Reply Brief in Support of his Motion for Partial Summary Judgment. *See* doc. 26.

Plaintiff Tremar Harris' response to Officer Rentz's motion for partial summary judgment (doc. 33) is largely a restatement of Plaintiff's own motion for partial summary judgment (doc. 19) and does little to rebut the legal arguments raised by Officer Rentz. As such, Officer Rentz will not burden the Court by repeating the arguments that he has already made. *See generally* doc. 26. Instead, Officer Rentz files this reply brief to highlight and correct three instances where Plaintiff has misstated the record in both his response and the documents that he filed with that response.

First, Plaintiff repeatedly states that the surveillance footage in the record provides indisputable proof that Officer Rentz's actions were unconstitutional. *See generally* doc. 33 at 7–13. Specifically, Plaintiff points to a still image pulled from the surveillance

1

footage where his mouth is open and suggests this is obvious evidence that he was choking. *See* doc. 33 at 2, 9. That assertion is belied by the surveillance footage, which depicts Plaintiff speaking with Officer Rentz while allegedly being "choked" to the extent that he could not breathe, *see* Surveillance Footage at 3:31–3:34, as well as by Plaintiff's own deposition testimony, in which he admitted that he had a conversation with Officer Rentz at the exact same moment. *See* doc. 26-2 at 80:20–81:10. That evidence undercuts Plaintiff's blanket assertions that video evidence in the record clearly shows Officer Rentz "choking" or "strangling" Plaintiff to the extent that liability is established as a matter of law.

Second, Plaintiff contends that he was injured and sought medical treatment. *See* doc. 33-1 at 3. That contention is flatly rejected by the record. Plaintiff, when asked directly, testified that he did not suffer any physical injuries. *See* doc. 26-2 at 55:25–56:2 ("Q: You did not suffer any physical injuries as a result of this incident, did you? A: No, sir."). Moreover, even if Plaintiff's sore neck constitutes a physical injury, *see* doc. 33-1 at 3, it is a *de minimis* injury that cannot be the basis for the recovery of compensatory damages under the Prison Litigation Reform Act and which undercuts Plaintiff's excessive force claim. *See Quinlan v. Pers. Transp. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) (holding that temporary chest pain, headaches, difficulty breathing, and back pain were *de minimis* injuries); *Crocker v. Beatty*, 995 F.3d 1232, 1251 (11th Cir. 2021).

As far as treatment goes, Plaintiff has admitted that he did not seek or receive any medical treatment. *See* doc. 26-2 at 56:5–56: ("Q: But you didn't seek any medical treatment? A: They didn't give me any. Q: Did you ask for any? A: No, sir."). Further,

2

Plaintiff's stay at Georgia Regional Hospital in Savannah has nothing to do with any purported injuries that he suffered in interactions with Officer Rentz. Georgia Regional is a mental hospital to which Plaintiff was involuntarily committed on multiple occasions, including shortly after the events of January 29, 2022, to treat his bipolar disorder and schizophrenia. *See* doc. 26-2 at 62:5–62:18; 64:15–65:23; *see also* Exhibit A, Deposition of Tremar Harris, at 65:25–66:23, 73:16–75:3.[1] The record is bereft of evidence demonstrating subsequent treatment of any kind for injuries stemming from Plaintiff's interaction with Officer Rentz. Indeed, Plaintiff's own testimony suggests that the only treatment that he has received are for his mental illnesses. *See* Ex. A at 70:5–71:2. Further, there is no evidence that links Plaintiff's treatment at Georgia Regional to mental or emotional injuries suffered from Plaintiff's encounter with Officer Rentz. As such, Plaintiff's assertion that he was injured and sought treatment is incorrect.

Third, Plaintiff again repeats that Officer Rentz told him that "he was going to put [Harris] back in the cotton field," as if it is an established fact. *See* doc. 33 at 13. The only evidence in the record attributing that statement to Officer Rentz is a grievance that Plaintiff submitted at an unspecified time after January 29, 2022. *See* doc. 19-7 at 1. Plaintiff's own deposition testimony attributes a similar, but different, statement to Officer Rentz. *See* doc. 26-2 at 53:8–53:12 (omitting the word "cotton"). Officer Rentz has flatly denied that he made such a statement. *See* doc. 26-4 at 8. None of the other three

---

[1] Page 66 of Plaintiff's Deposition was inadvertently excluded from Exhibit A to Officer Rentz's motion for partial summary judgment. The entire exchange relating to Plaintiff's treatment at Georgia Regional is attached to this brief as Exhibit A.

3

officers in the cell have corroborated Plaintiff's contention that the alleged statement was made. *See* doc. 26-5 at 1–5.

As such, on the basis of the evidence discussed above, and the legal arguments raised in Officer Rentz's prior briefing on this motion, *see* doc. 26, Officer Rentz requests that this Court grant partial summary judgment in his favor.

Submitted this 3rd day of October, 2024.

OLIVER MANER LLP

Post Office Box 10186  
Savannah, GA 31412  
(T) 912 236-3311  
(F) 912 236-8725  
pto@olivermaner.com  
btuten@olivermaner.com  

***/s/ Ben T. Tuten***  
PATRICK T. O'CONNOR  
Georgia Bar No. 548425  
BEN T. TUTEN  
Georgia Bar No. 299110  

***Attorneys for Defendant Rentz***

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing, by e-notification and e-service to the following:

M. Waite Thomas, Esq.
TAYLOR ODACHOWSKI SCHMIDT & CROSSLAND, LLC
300 Oak Street, Suite 200
St. Simons Island, GA 31522
wthomas@tosclaw.com

Harry M. Daniels, Esq.
LAW OFFICES OF HARRY M. DANIELS, LLC
4751 Best Road, Suite 490
Atlanta, GA 30337
daniels@harrymdaniels.com

Submitted this 3rd day of October, 2024.

OLIVER MANER LLP

Post Office Box 10186
Savannah, GA 31412
(T) 912 236-3311
(F) 912 236-8725
pto@olivermaner.com
btuten@olivermaner.com

*/s/ Ben T. Tuten*
PATRICK T. O'CONNOR
Georgia Bar No. 548425
BEN T. TUTEN
Georgia Bar No. 299110

*Attorneys for Defendant Rentz*

5